MARK T. SCHOENHOFER, S.C. #15781
1631 E. 1ST STREET
WICHITA, KANSAS 67214
316-262-5400
FAX: 316-262-1787
EMAIL: MYDEFENSEFIRST@YAHOO.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) | |
| v. | ) | Case No. 6:24-cr-10074-JMK |
| ERIC GONZALEZ GUTIERREZ,<br>Defendant. | ) | |

**OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** Defendant Eric Gonzalez Gutierrez, by and through his attorney Mark T. Schoenhofer, and objects certain findings made by U.S. Probation Officer Sam Bullock. Specifically, the Defendant objects to a two (2) level enhancement in paragraph 26, for Specific Offense Characteristics; and, a four (4) level enhancement in paragraph 27, for Specific Offense Characteristics. In support of his objections, the defendant submits:

1) **Specific Offense Characteristics, Paragraph 26.**

USPO Bullock increased the offense level by two levels because "[a] dangerous weapon (including a firearm) was possessed. U.S.S.G. §2D1.1(b)(1).

**Applicable Law**

An offender sentenced under § 2D1.1 of the Sentencing Guidelines is subject to a 2–level enhancement to his base-offense level if "a dangerous weapon (including a firearm) was possessed" during the underlying drug-trafficking offense. U.S.S.G. § 2D1.1(b)(1). "The enhancement for weapon possession reflects the increased danger of violence when drug

traffickers possess weapons." U.S.S.G. § 2D1.1, cmt. n. 3. The enhancement is expressed in the passive voice, and Application Note 3 to the Guidelines specifies that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n. 3.

The United State Court of Appeals for the Tenth Circuit has held that for the 2-level enhancement to apply, "[t]he government must show by a preponderance of the evidence that 'a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant....' " *United States v. Sallis*, 533 F.3d 1218, 1225 (10th Cir.2008)(quoting United *States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir.2001)(internal quotation omitted)). *See United States v. McClure*, 358 Fed.Appx. 5, 10 (10th Cir.2009)("[T]he government need only show the weapon was found in the same location where drugs or drug paraphernalia are stored or in the general vicinity of where part of the drug activity occurred."); *United States v. Beltran*, 571 F.3d 1013, 1021 (10th Cir.2009)("To satisfy its burden for application of a two level enhancement under USSG § 2D1.1(b)(1), the government must show a temporal proximity between a weapon, the drug trafficking activity, and a defendant."); *United States v. Hernandez–Mejia*, 2008 WL 5978897, at *6–7. "If it does so, the burden shifts to the defendant, who must demonstrate that this connection is clearly improbable." *United States v. Sallis*, 533 F.3d at 1225 (quotation omitted). "[T]he government need only show that 'the weapon was found in the same location where drugs or drug paraphernalia are stored,' " *United States v. Zavalza–Rodriguez*, 379 F.3d 1182, 1186–87 (10th Cir.2004), or "that the weapon was located nearby the general location where drugs or drug paraphernalia are stored or where part of the transaction occurred," *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir.1998)(quotation omitted).

**Information Relied on by USPO Sam Bullock.**

Under the heading "The Offense Conduct" in the Presentence Investigation Report, USPO Bullock wrote: "officer observed multiple firearm cartridge casings in the driveway of 1912 North Jackson Avenue, which is a cross the street from where Lara was located . . . " Paragraph 7.

Under the heading "The Offense Conduct" in the Presentence Investigation Report, USPO Bullock wrote: "Romero-Hernandez reported that she heard arguing outside between Garcia and the two Hispanic Males. Romero-Hernandez advised that Gonzalez-Gutierrez went outside to try to calm the situation. Romero-Hernandez stated that Gonzalez-Gutierrez then came back into 1912 North Jackson Avenue for several minutes until he noticed several more males were outside confronting Garcia. Romero-Hernandez advised that Gonzalez-Gutierrez told her to lock the door and stay inside, as he went back out to calm the situation. Romero-Hernandez reported that she heard approximately 15 gunshots outside and then saw Gonzalez-Gutierrez run back into 1912 N. Jackson Avenue, retrieve an unknown firearm, and run back outside. Romero-Hernandez advised that she then heard more gunshots outside the residence.

In a section of the Presentence Investigation Report under the heading "Search of residence located at 1912 North Jackson Avenue", USPO Bullock wrote "On June 17, 2024, the search warrant was executed. Officers located an AR style magazine along with 556 Caliber rifle rounds that matched the ones that were located outside of 1912 North Jackson." Paragraph 13. The Presentence Investigation does not include information that a weapon was found in the house or on the property of 1912 N. Jackson, or in a car at the residence.

**<u>A Two Level Increase under § 2D1.1 of the Sentencing Guidelines is not Warranted</u>**

Unless a weapon is located nearby the general location where drugs were stored or where part of the transaction occurred, the two level enhancement does not apply. The government

must show a temporal proximity between a weapon, the drug trafficking activity, and the defendant. The report simply does not offer that kind of information. Indeed, no weapon was found on or near 1912 N. Jackson when a search was performed, and the government cannot provide evidence to the contrary.

There is no evidence where the gun that Mr. Gonzalez allegedly retrieved was stored, and no evidence as to the type of gun that Romero-Hernandez allegedly saw, or whether the alleged gun matched the bullets found inside the house.

While Romero-Hernandez told law enforcement officers that she saw Gonzalez-Gutierrez with a firearm, there is no evidence as to where inside the house it was retrieved, or whether, in fact, this firearm was retrieved not from the house but from another area on the property. Likewise, there is no evidence whether the ammunition and magazine that was found inside the house during the search was originally stored there or whether it had been dropped there when Gonzalez allegedly retrieved his firearm and headed back out front. Accordingly, the two level enhancement does not apply.

---

2) **Specific Offense Characteristics, Paragraph 26.**

USPO Bullock increased the offense level by four levels because “The defendant knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl.” U.S.S.G. §2D1.1(b)(13). The only evidence against Mr. Gonzalez in support of this four level increase is the logo marking “M” on one side, and “30” on the other. The authentic M/30 pill is a 30-milligram oxycodone hydrochloride tablet, manufactured by Mallinckrodt Pharmaceuticals.




Law enforcement officers never obtained a statement from Mr. Gonzalez or any other individual regarding whether Gonzalez-Gutierrez knowingly misrepresented or knowingly marketed the Fentanyl as another substance. Law enforcement officers observed no drug transactions between Gonzalez-Gutierrez and another individual; and obtained no text messages, no email messages, no other electronic forms of messaging, no voice recordings, and no handwritten information that indicated Mr. Gonzalez knew that "M 30" indicates Oxycodone, or that he knowingly represented or marketed the pills as Oxycodone or another substance. There is simply no evidence that Gonzalez knew that the Fentanyl he possessed was a product other than Fentanyl. Lastly, there is no evidence to suggest Gonzalez marked these pills. The pills undoubtedly received by Gonzalez-Gutierrez were already marked.

The four level adjustment pursuant to U.S.S.G. §2D1.1(b)(13) demands that the defendant acted knowingly. The government cannot produce evidence to justify this four level adjustment to the base offense level.

**WHEREFORE**, Mr. Gonzalez-Gutierrez objects to the two (2) level enhancement in paragraph 26, and a four (4) level enhancement in paragraph 27.

Respectfully submitted,

/S Mark T. Schoenhofer, Attorney
Mark T. Schoenhofer, #15781
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax: 316-262-1787
Email: mydefensefirst@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing objection with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/S Mark T. Schoenhofer, Attorney
Mark T. Schoenhofer, #1578