# UNITED STATES DISTRICT COURT

## District of Kansas

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO. 24-CR-10074-JMK**

**ERIC GONZALEZ-GUTIERREZ,**

**Defendant.**

## UNITED STATES' RESPONSE TO DEFENDANT'S OBJECITON TO THE PRESENTENCE INVESTIGATION REPORT (Doc. 19)

COMES NOW, the United States, by and through Aaron Smith, Assistant United States Attorney, and submits this response to defendant's objections to the Presentence Investigation Report based on two sentencing enhancements via Specific Offense Characteristics. (Doc. 19).

### Legal and Factual Background

The United States adopts the legal and factual recitation of the defendant's motion. (Doc. 19). The United States further adopts the factual recitation contained within the Presentence Investigation Report.

**First Objection**

The defendant first objects to a guideline enhancement pursuant to U.S.S.G § 2D1.1(b)(1), being possession of a dangerous weapon in relation to a drug trafficking crime. This enhancement applies if the firearm if the weapon "was present" unless it is "clearly improbable that the weapons was connected…" with the drug trafficking offense. (§ 2D1.1(b)(1), application note 11.)

In the instant offense, the firearm identified as being used the evening before the search warrant was not recovered, but a magazine and ammunition from the firearm was recovered. Those objects themselves would not meet the definition of firearm under § 1B1.1. Thus, a firearm was not found, or present, during the search that recovered the narcotics forming the basis of the current conviction.

However, as defense noted, "[T]he government need only show the weapon was found in the same location where drugs or drug paraphernalia are stored or in the general vicinity of where part of the drug activity occurred."); and/or a proximity between the weapon and the activity as described in *United States v. Beltran*, 571 F.3d 1013, 1021 (10th Cir.2009)("To satisfy its burden for application of a two level enhancement under USSG § 2D1.1(b)(1), the government must show a temporal proximity between a weapon, the drug trafficking activity, and a defendant.")

As noted in the Presentence Investigation Report, based on the activity and evidence of the investigation, the firearm was present and used the evening before. During the search of the residence the next day, the narcotics were discovered along with evidence the firearm was in the vicinity of those narcotics at some point in the surrounding hours.

## Second Objection

The defendant objects to a guideline enhancement pursuant to U.S.S.G § 2D1.1(b)(13). This is addition to the sentencing guidelines has not been thoroughly explored in the Courts. There is not an application note discussing the use of this guideline enhancement. However, the language of the enhancement requires the knowing misrepresentation or marketing a fentanyl product as another substance. This specific case does not have evidence of any representation or marketing of the controlled substances by the defendant. The defendant possessed a distribution quantity of fentanyl pills, as evidenced by the search of his home pursuant to the homicide investigation.

Anecdotally, most fentanyl pills discovered by law enforcement contain what appear to be manufacturer markings. It is common for dealers to refer to their product by generic or "street" names such as "blues" or use emojis to suggest the type of product they are distributing. In years past there was also a larger market for diverted and black-market prescription pills, including oxycodone.

## Conclusion

WHEREFORE, for the reasons stated above, the United States suggests that the Court must determine if sufficient temporal or spatial proximity between the firearm and any drug trafficking activity. This finding implicates the applicability of the 2-level enhancement pursuant to U.S.S.G § 2D1.1(b)(1).

FURTHER, the United States suggests there is not sufficient information to determine that the defendant knowingly marketed or misrepresented the substances

discovered in his home as fentanyl. Thus, the 4-level enhancement pursuant to U.S.S.G § 2D1.1(b)(13) would not apply.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

By: /s/ Aaron Smith
AARON SMITH
KS Bar No. 20447
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
aaron.smith3@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 11, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that a copy of this filing was electronically delivered to:

Mark T. Schoenhofer
mydefensefirst@yahoo.com

By: /s/ Aaron Smith
AARON SMITH, KS Bar No. 20447
Assistant United States Attorney